## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00188 |
| | ) | NJB-MBN |
| ONE WORLD TECHNOLOGIES, INC., | ) | |
| TECHTRONIC INDUSTRIES NORTH | ) | |
| AMERICA, INC., RIDGID, INC., THE | ) | **JURY TRIAL DEMANDED** |
| RIDGE TOOL COMPANY, and HOME | ) | |
| DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |

## HOME DEPOT U.S.A. INC.'S ANSWER TO
## PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Home Depot U.S.A., Inc., ("Home Depot" or "Defendant") hereby states as follows for its Answer to Plaintiff Ronald Evans's Complaint for Damages ("Complaint"):

### PARTIES

1.      Upon information and belief, Home Depot admits that Plaintiff Ronald Evans is a resident citizen of Louisiana. Home Depot currently lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2.      The allegations contained in Paragraph 2 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot. To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint; thus, those allegations are denied.

3.	The allegations contained in Paragraph 3 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint; thus, those allegations are denied.

4.	The allegations contained in Paragraph 4 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint; thus, those allegations are denied.

5.	The allegations contained in Paragraph 5 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint; thus, those allegations are denied.

6.	The allegations contained in Paragraph 6 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint; thus, those allegations are denied.

7.	The allegations contained in Paragraph 7 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 7 of the Complaint; thus, those allegations are denied.

8.      The allegations contained in Paragraph 8 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint; thus, those allegations are denied.

9.      The allegations contained in Paragraph 9 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint; thus, those allegations are denied.

10.      The allegations contained in Paragraph 10 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint; thus, those allegations are denied.

11.      The allegations contained in Paragraph 11 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint; thus, those allegations are denied.

12.     The allegations contained in Paragraph 12 of the Complaint of are not directed at Home Depot and thus require no response from Home Depot.  To the extent an answer may be deemed necessary, Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint; thus, those allegations are denied.

13.     Home Depot admits that it is a Delaware corporation with its principal place of business in Georgia and that Home Depot maintains and operates retails stores in Louisiana and other states.

14.     Home Depot denies that it designed, manufactured, assembled, tested, or distributed the Ridgid-brand Model R4520, Serial No. EM20235D0106600, table saw at issue ("subject saw"). Home Depot admits that it marketed and sold the subject saw at retail. Except as expressly admitted herein, Home Depot denies the allegations contained in Paragraph 14 of the Complaint.

15.     Home Depot admits that it has transacted and conducted business within the State of Louisiana. Home Depot denies that it is subject to general jurisdiction in the State of Louisiana. Home Depot denies that any of its conduct was negligent, wrongful, or otherwise tortious. Except as expressly admitted herein, Home Depot denies the allegations contained in Paragraph 15 of the Complaint.

## JURISDICTION

16.     Home Depot admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Home Depot denies that it is subject to general jurisdiction in the State of Louisiana.

**VENUE**

17.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint; thus, those allegations are denied. Home Depot reserves all venue-related arguments and requests for relief.

**FACTUAL BACKGROUND**

18.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint; thus, those allegations are denied.

19.     Home Depot admits that that the Ridgid trademark is owned by Ridgid, Inc., and licensed to Home Depot. Home Depot further admits that the Ridgid trademark for the subject saw was licensed from Ridgid, Inc. Home Depot lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint; thus, those allegations are denied.

20.     Home Depot denies that it designed, manufactured, tested, assembled, or certified the subject saw. Home Depot lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint; thus, those allegations are denied.

21.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint; thus, those allegations are denied.

22.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint; thus, those allegations are denied.

23.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint; thus, those allegations are denied.

24.     Home Depot admits that a rip cut is a cutting operation that is made along the length of a suitable workpiece. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint; thus, those allegations are denied.

25.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint; thus, those allegations are denied.

26.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint; thus, those allegations are denied.

27.     Home Depot denies that the subject saw or any of its accessories were defective or unreasonably dangerous.  Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint; thus, those allegations are denied.

28.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint; thus, those allegations are denied.

29.    Home Depot admits that kickbacks are a phenomenon that are caused by various factors, including contact by the workpiece with the rear portion of the blade. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint; thus, those allegations are denied.

31.    Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 31[1] of the Complaint; thus, those allegations are denied.

**THE RIDGID TABLE SAW WAS DEFECTIVELY DESIGNED**

32.    Home Depot denies the allegations contained in Paragraph 32 of the Complaint.

33.    Home Depot admits that certain technology exists that could rapidly stop a saw blade, in some instances, upon contact with human flesh for some model saws. Home Depot admits that the subject saw did not incorporate SawStop or other flesh-detection technology. Home Depot denies that the subject saw was defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint; thus, those allegations are denied. Except as expressly admitted herein, Home Depot denies the allegations contained in Paragraph 33 of the Complaint.

34.    To the extent the allegations contained in Paragraph 34 of the Complaint are directed at Home Depot, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of those allegations and thus denies the same.

35.    The allegations contained in Paragraph 35 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks

---

[1] Plaintiff's Complaint does not include a Paragraph 30.

sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint; thus, those allegations are denied.

36.     The allegations contained in Paragraph 36 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint; thus, those allegations are denied.

37.     The allegations contained in Paragraph 37 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint; thus, those allegations are denied.

38.     To the extent the allegations contained in Paragraph 38 of the Complaint are directed at Home Depot, Home Depot denies the allegations. Home Depot otherwise lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint; thus, those allegations are denied.

39.     The allegations contained in Paragraph 37 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint; thus, those allegations are denied.

40.     The allegations contained in Paragraph 40 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint; thus, those allegations are denied.

41.     To the extent the allegations contained in Paragraph 41 of the Complaint are directed at Home Depot, Home Depot denies the allegations. Home Depot otherwise lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint; thus, those allegations are denied.

42.     To the extent the allegations contained in Paragraph 42 of the Complaint are directed at Home Depot, Home Depot denies the allegations and further denies that the subject saw is defective or unreasonably dangerous. Home Depot otherwise lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint; thus, those allegations are denied.

43.     Home Depot denies the allegations contained in Paragraph 43 of the Complaint.

44.     To the extent the allegations contained in Paragraph 41 of the Complaint are directed at Home Depot, Home Depot denies the allegations. Home Depot otherwise lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint; thus, those allegations are denied.

45.     The allegations contained in Paragraph 45 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Complaint; thus, those allegations are denied.

46.     The allegations contained in Paragraph 46 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint; thus, those allegations are denied.

47. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint; thus, those allegations are denied.

48. The allegations contained in Paragraph 48 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint; thus, those allegations are denied.

49. The allegations contained in Paragraph 49 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint; thus, those allegations are denied.

50. Home Depot denies the allegations contained in Paragraph 50 of the Complaint.

51. The allegations contained in Paragraph 51 are not directed at Home Depot and thus do not require a response. To the extent a response is deemed necessary, Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Complaint; thus, those allegations are denied.

52. Home Depot denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. To the extent the allegations contained in Paragraph 54 of the Complaint are directed at Home Depot, Home Depot denies the allegations and further denies that the subject saw is defective or unreasonably dangerous. Home Depot otherwise lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint; thus, those allegations are denied.

55.     Home Depot denies the allegations contained in Paragraph 55 of the Complaint.

56.     Home Depot denies the allegations contained in Paragraph 56 of the Complaint.

**DEFENDANTS FAILED TO PROVIDE ADEQUATE INSTRUCTIONS
OR WARNINGS TO PLAINTIFF AND OTHER CONSUMERS**

57.     Home Depot lacs sufficient knowledge or information to a form a belief as to the truth of the allegations contained in the first sentence of Paragraph 57 of the Complaint; thus, those allegations are denied. Home Depot denies that it "failed to provide adequate instructions or warnings in their product manual or elsewhere . . . ."

58.     Home Depot denies the allegations contained in Paragraph 58 of the Complaint.

59.     Home Depot denies the allegations contained in Paragraph 59 of the Complaint.

**PLAINTIFF'S USE OF THE RIDGID TABLE SAW AND HIS RESULTING INJURIES**

60.     Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint; thus, those allegations are denied.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Complaint; thus, those allegations are denied.

65.      Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the

remaining allegations contained in Paragraph 65 of the Complaint; thus, those allegations are denied.

66.     Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Complaint; thus, those allegations are denied.

67.     Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint; thus, those allegations are denied.

**COUNT I:**
**LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")**
**DESIGN DEFECT UNDER LA. R.S. § 9:2800.56**

68.     Home Depot adopts and incorporates by reference the preceding paragraphs, as if fully set forth herein.

69.     Upon information and belief, Home Depot admits that One World Technologies, Inc., designed, manufactured (in part), tested, and distributed the subject saw. Home Depot sold the subject saw at retail. Upon information and belief, Home Depot denies that Techtronic Industries North America, Inc., Ridgid, Inc., or The Ridge Tool Company designed, manufactured, distributed, or sold the subject saw. Except as expressly admitted herein, Home Depot denies the allegations contained in Paragraph 69 of the Complaint.

70.     Home Depot denies the allegations contained in Paragraph 70 of the Complaint.

71.     Home Depot denies the allegations contained in Paragraph 71 of the Complaint.

72. Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot further denies the allegations contained in the first sentence of Paragraph 72 of the Complaint. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Complaint; thus, those allegations are denied.

73. Home Depot denies the allegations contained in Paragraph 73 (including sub-parts (a) – (c) of the Complaint.

74. Home Depot denies the allegations contained in Paragraph 74 of the Complaint.

75. Home Depot denies the allegations contained in Paragraph 75 of the Complaint.

76. Home Depot denies the allegations contained in Paragraph 76 of the Complaint.

77. Home Depot denies the allegations contained in Paragraph 77 of the Complaint.

**COUNT II:**
**LOUSIANA PRODUCTS LIABILITY ACT**
**INADEQUATE WARNING UNDER LA. R.S. § 9:28000:57**

78. Defendants adopt and incorporate by reference the preceding paragraphs, as if fully set forth herein.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

**COUNT II:**
**LOUSIANA PRODUCTS LIABILITY ACT**
**BREACH OF EXPRESS WARRANTY UNDER LA. R.S. § 9:2800.58**

83. Home Depot adopts and incorporates by reference the preceding paragraphs, as if fully set forth herein.

84. Upon information and belief, Home Depot admits that One World Technologies, Inc., designed, manufactured (in part), tested, and distributed the subject saw. Home Depot sold the subject saw at retail. Upon information and belief, Home Depot denies that Techtronic Industries North America, Inc., Ridgid, Inc., or The Ridge Tool Company designed, manufactured, distributed, or sold the subject saw. Home Depot denies that the subject saw is defective or unreasonably dangerous and further denies that it breached any warranties, either express or implied. Except as expressly admitted herein, Home Depot denies the allegations contained in Paragraph 84 of the Complaint.

85. Home Depot denies that the subject saw is defective or unreasonably dangerous and further denies that it breached any warranties, either express or implied. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint; thus, those allegations are denied.

86. Home Depot denies that the subject saw is defective or unreasonably dangerous and further denies that it breached any warranties, either express or implied. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint; thus, those allegations are denied.

87. Home Depot denies the allegations contained in Paragraph 87 of the Complaint.

88. Home Depot denies the allegations contained in Paragraph 88 of the Complaint.

**DAMAGES**

89. Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Complaint; thus, those allegations are denied.

90.     Home Depot denies that the subject saw is defective or unreasonably dangerous. Home Depot lacks sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 90 of the Complaint; thus, those allegations are denied.

## JURY DEMAND

91.     Home Depot hereby demands a jury trial on all issues so triable.

In response to the unnumbered paragraph beginning with "WHEREFORE," immediately following Paragraph 91 of the Complaint, Home Depot denies that Plaintiff is entitled to judgment against, or any relief from, Home Depot.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

1.     Plaintiff's Complaint fails to state any claims upon which relief can be granted.

2.     The Court lacks personal jurisdiction over some or all of the named defendants.

3.     Plaintiff's claims are barred in whole or part by the applicable statutes of limitations or prescriptive periods.

4.     Any alleged dangers associated with the product at issue are essential for its utility and inherent in its design.  As such, any alleged dangers are open and obvious, and Plaintiff's claims are, therefore, barred.

5.     Plaintiff, by the exercise of ordinary care and diligence, could have avoided the consequences of any alleged negligence attributable to Defendants.

6.     Plaintiff was negligent and such negligence proximately contributed to any damages he may have sustained.  While expressly denying it was negligent, Defendants state that if any negligence on their part is found, the damages alleged to have been incurred by Plaintiff

were or may have been due to Plaintiff's own contributory and/or comparative negligence, which negligence either bars or, alternatively, reduces recovery, if any, from Defendants in proportion to the relative amount of comparative fault attributable to Plaintiff. Such fault and/or negligence includes, but is not limited to, the following:

      (a) Failing to exercise reasonable vigilance;

      (b) Failing to maintain a proper lookout;

      (c) Failing to see what should have been seen;

      (d) Failing to act in a reasonable fashion given the circumstances then existing; and

      (e) Failing to use due care commensurate with the circumstances then existing.

7.     Plaintiff's alleged injuries and damages were caused by an unforeseeable, intervening and/or superseding cause.

8.     Plaintiff's claims are or may be barred due to Plaintiff's misuse and/or abuse, alteration or modification of the product and/or components complained of.

9.     The damages alleged in Plaintiff's Complaint were the result of the misuse and/or abuse of the referenced product by Plaintiff, contrary to specific and obvious instructions and warnings regarding the product, of which Plaintiff was aware or should have been aware.

10.     Plaintiff's use of the product was not proper, not in accordance with the prescribed or correct procedures and, accordingly, the product was misused and/or used for purposes other than those for which it was indicated or intended.

11.     Plaintiff made alterations and/or modifications to the subject saw that caused his injuries.

12.     After the product in question left the possession and control of Defendants, it may have been redesigned, modified, altered, or subjected to treatment that substantially changed its character, without Defendants' knowledge or approval.  Any alleged defect in the product may have resulted, if at all, from the redesign, modification, alteration, treatment, or other change of the product after Defendants relinquished possession and control over the product.  Such redesign, modification, alteration, treatment or other change was a superseding or intervening cause of Plaintiff's injuries.

13.     Any alleged injuries or damages were not caused by any act of Defendants, but were proximately caused, solely or in part, by the acts or omissions of other parties or entities over which Defendants exercised no control or right of control.

14.     In the event it is determined that the subject product was unreasonably dangerous, which is specifically denied, Defendants were unaware of such danger as it would apply in any conceivable use of the product by Plaintiff.  Additionally, the discovery of such danger was beyond the state of the art at the time the product was manufactured or sold.  Further, the product was manufactured and sold in conformity with the state of the art and/or prevailing industry standards at the time.

15.     Some or all of Plaintiff's claims are barred, in whole or in part, because the product, including its design, manufacture, warnings, and instructions, complied at all times with applicable government standards and regulations, industry custom, and available technological, scientific, and industrial state of the art.

16.     Some or all of Plaintiff's claims, insofar as they seek recovery based upon an allegedly defective and/or dangerous product, are preempted by federal law because the product

and its components complied with any and all applicable federal laws and regulations in effect at the time of its manufacture.

17. Plaintiff's claims against Home Depot are or may be barred pursuant to the sophisticated user or learned intermediary doctrine. The product or components complained of were sold to a knowledgeable or sophisticated intermediary. As a result, Home Depot had no duty to warn of potential dangers or defects of the product or components complained of, which dangers and defects Defendants specifically denies. Accordingly, Plaintiff is barred from recovery against Home Depot.

18. Home Depot states that any alleged dangerous condition of the product in question was open, obvious and apparent, or Plaintiff had actual knowledge of same.

19. Plaintiff's claims are barred and/or limited by virtue of his failure to give Home Depot notice as required by applicable statutes, and/or the expiration of any purported warranties.

20. Plaintiff's claims are barred and/or limited by virtue of express disclaimers, exclusions, limits, limitations and/or other terms contained in any written warranties issued in connection with the sale of the product.

21. Plaintiff's claims are barred and/or limited because the warranty given with the product is expressly and conspicuously designated as a "limited warranty."

22. Home Depot denies the existence of any implied warranty, privity, or breach of any warranty.

23. Some or all of the damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate said damages.

24. Plaintiff's claims for damages, if any, may be limited pursuant to applicable limitation of damages provisions.

25.     At all further times relevant herein, Home Depot specifically pleads the requirement of any and all affirmative defenses available as provided by LSA-R.S. 9:2800.51 - 9:2800.59 and L.S.A.-C.C. Art. 2531.

26.     Whatever damages were sustained by Plaintiff, if any, were proximately caused by the fault of persons or entities other than Home Depot, including but not limited to one or more of the following non-exclusive respects, which should bar or diminish proportionately any recovery, if any, by Plaintiff: (a) misuse of the product, or use of the product for a purpose not intended by the manufacturer; (b) use, misuse or alteration of the product in a manner not reasonably anticipated by the manufacturer; (c) use of the product with knowledge of the alleged danger involved in such use (which danger is denied), with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to the alleged danger, and/or the voluntary and unreasonable exposure of others to the alleged danger; (d) unreasonably failing to appreciate the alleged danger involved in the use of the product or the consequences thereof, and the unreasonable exposure to the alleged danger, and/or the unreasonable exposure of others to the alleged danger; and (e) failing to undertake the precautions a reasonably careful user of the product would take to protect against alleged dangers reasonably appreciated under the same or similar circumstances.

27.     Because their investigation of the allegations contained in Plaintiff's Complaint is not complete at this time, Home Depot hereby gives notice that it may rely upon such other defenses (affirmative or otherwise) as may become available or apparent during the course of discovery and thus reserves the right to amend their Answer to assert any such defenses. Moreover, Home Depot reserves the right to subsequently amend its Answer in order to clarify, if necessary, the applicability of any defenses or to withdraw certain defenses.

WHEREFORE, having fully answered and stated its affirmative defenses to Plaintiff's Complaint, Defendant Home Depot U.S.A., Inc., prays that a judgment be entered in its favor, together with costs incurred herein, and for such other and further relief that the Court deems proper.

BERNARD, CASSISA, ELLIOTT & DAVIS
A Professional Law Corporation

BY: _____/s/ Carl J. Giffin, Jr._____
      CARL J. GIFFIN, JR., T.A. – Bar # 14289
      3838 N. Causeway Blvd., Suite 3050
      Metairie, Louisiana 70002
      Phone: 504-834-2612
      Fax: 504-838-9438
      Email: giffinc@bcedlaw.com

      LIGHTFOOT, FRANKLIN & WHITE,
      A Limited Liability Company
      Adam K. Peck (*pro hac vice* forthcoming)
      *apeck@lightfootlaw.com*
      J. Chandler Bailey (*pro hac vice* forthcoming)
      *cbailey@lightfootlaw.com*
      Christopher C. Yearout (*pro hac vice* forthcoming)
      *cyearout@lightfootlaw.com*
      The Clark Building
      400 20th Street North
      Birmingham, Alabama 35203
      Phone: 205-581-0700
      Fax: 205-581-0799

      LIGHTFOOT, FRANKLIN & WHITE,
      A Limited Liability Company
      Kaitlyn M. Faucett (*pro hac vice* forthcoming)
      1885 Saint James Place, Suite 1150
      Houston, Texas 77056
      Phone: (713) 960-1488
      Fax: (713) 960-8991

      **ATTORNEYS FOR HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of March 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Louisiana, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Joseph M. Bruno, Esq.
Daniel A. Meyer, Esq.
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana
Telephone: (504) 525-1335
Facsimile: (504) 562-6775
*bruno@brunobrunolaw.com*
*dmeyer@brunobrunolaw.com*


              /s/ Carl J. Giffin, Jr.
          CARL J. GIFFIN, JR., T.A. – Bar # 14289