# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD EVANS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE WORLD TECHNOLOGIES, INC., )<br>TECHTRONIC INDUSTRIES NORTH )<br>AMERICA, INC., RIDGID, INC., THE )<br>RIDGE TOOL COMPANY, and HOME )<br>DEPOT U.S.A., INC., )<br>)<br>Defendants. ) | Civil Action No. 2:22-cv-00188<br>NJB-MBN<br><br>**JURY TRIAL DEMANDED** |

---

## RIDGID, INC.'S AND THE RIDGE TOOL COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

---

Defendants Ridgid, Inc. ("Ridgid") and The Ridge Tool Company ("Ridge Tool") (collectively, "Defendants") hereby state as follows for their Answer to Plaintiff Ronald Evans's Complaint for Damages ("Complaint"):

### PARTIES

1.      Upon information and belief, Defendants admit that Plaintiff Ronald Evans is a resident citizen of Louisiana. Defendants currently lack sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2.      Upon information and belief, Defendants admit that TTI-CP a Delaware corporation with its principal place of business located in Anderson, South Carolina. Defendants further admit that TTI-CP designs, manufactures (in part), tests, and distributes various power tools, including the Ridgid-brand Model R4520, Serial No. EM20235D0106600, table saw at issue

("subject saw"). Defendants currently lack sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3.     The allegations contained in Paragraph 3 of the Complaint of are not directed at Defendants and thus require no response from Defendants. To the extent an answer may be deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint; thus, those allegations are denied.

4.     The allegations contained in Paragraph 4 of the Complaint of are not directed at Defendants and thus require no response from Defendants. To the extent an answer may be deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint; thus, those allegations are denied.

5.     The allegations contained in Paragraph 5 of the Complaint of are not directed at Defendants and thus require no response from Defendants. To the extent an answer may be deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint; thus, those allegations are denied.

6.     The allegations contained in Paragraph 5 of the Complaint of are not directed at Defendants and thus require no response from Defendants. To the extent an answer may be deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint; thus, those allegations are denied.

7.     Ridgid admits that it is a Delaware corporation with its principal place of business located in Ohio.

8.     Ridgid admits that the Ridgid trademark for the subject saw was licensed from Ridgid, Inc. Ridgid did not design, manufacture, test, distribute, or sell the subject saw. One World Technologies, Inc., designed, manufactured (in part), and distributed the subject saw. Accordingly,

Ridgid, Inc., is not a proper party defendant for purposes of Plaintiff's claims in this action. Except as expressly admitted herein, Ridgid denies the allegations contained in Paragraph 8 of the Complaint.

9. Ridgid denies the allegations contained in Paragraph 9 of the Complaint.

10. Ridge Tool admits that it is an Ohio corporation with its principle place of business in Ohio. Defendants admit that the subject saw is a Ridgid-brand table saw. Ridge Tool admits that manufactures various industrial products but denies that it has ever designed, manufactured, tested, distributed, or sold any table saws, including the subject saw. One World Technologies, Inc., designed, manufactured (in part), and distributed the subject saw. Accordingly, Ridge Tool is not a proper party defendant for purposes of Plaintiff's claims in this action. Except as expressly admitted herein, Ridge Tool denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Ridge Tool manufactures various industrial products but deny that Ridge Tool or Ridgid, Inc., designed, manufactured, tested, advertised, promoted, sold, or distributed the subject saw. Defendants admit that the Ridgid trademark for the subject saw was licensed from Ridgid, Inc. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Ridge Tool admits that it has transacted and conducted business within the State of Louisiana. Ridge Tool denies that it is subject to general jurisdiction in the State of Louisiana and denies that specific personal jurisdiction is proper over it in this case. Ridge Tool denies that any of its conduct was negligent, wrongful, or otherwise tortious. Ridge Tool lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13.     The allegations contained in Paragraph 13 of the Complaint of are not directed at Defendants and thus require no response from Defendants. To the extent an answer may be deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint; thus, those allegations are denied.

14.     Defendants admit that the Ridgid trademark for the subject saw was licensed from Ridgid, Inc. Defendants deny that they designed, manufactured, tested, distributed, or sold the subject saw. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint; thus, those allegations are denied.

15.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint; thus, those allegations are denied.

## JURISDICTION

16.     Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Defendants deny that they are subject to general jurisdiction in the State of Louisiana and deny that specific personal jurisdiction is proper over them in this case.

## VENUE

17.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint; thus, those allegations are denied. Defendants reserve all venue-related arguments and requests for relief.

## FACTUAL BACKGROUND

18.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint; thus, those allegations are denied.

19.     Defendants admit that the Ridgid trademark is owned by Ridgid, Inc., and licensed to Home Depot. Defendants further admit that the Ridgid trademark for the subject saw was licensed from Ridgid, Inc. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint; thus, those allegations are denied.

20.     Defendants admit that the subject saw was designed, manufactured (in part), and distributed by One World Technologies, Inc. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint; thus, those allegations are denied.

22.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint; thus, those allegations are denied.

23.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint; thus, those allegations are denied.

24.     Defendants admit that a rip cut is a cutting operation that is made along the length of a suitable workpiece. Defendants lack sufficient knowledge or information to a form a belief as

to the truth of the remaining allegations contained in Paragraph 24 of the Complaint; thus, those allegations are denied.

25.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint; thus, those allegations are denied.

26.     Defendants deny that the subject saw was defective or unreasonably dangerous. Defendants otherwise lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint; thus, those allegations are denied.

27.     Defendants deny that the subject saw or any of its accessories were defective or unreasonably dangerous. Defendants otherwise lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint; thus, those allegations are denied.

28.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint; thus, those allegations are denied.

29.     Defendants admit that kickbacks are a phenomenon that are caused by various factors, including contact by the workpiece with the rear portion of the blade. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint; thus, those allegations are denied.

31.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 31[1] of the Complaint; thus, those allegations are denied.

**THE RIDGID TABLE SAW WAS DEFECTIVELY DESIGNED**

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants admit that certain technology exists that could rapidly stop a saw blade, in some instances, upon contact with human flesh for some model saws. Defendants deny that such technology has "been available" "[f]or many years" for the subject saw and further deny that, even if available, such technology would have prevented Plaintiff's alleged injury in this case. Defendants admit that the subject saw did not incorporate SawStop or other flesh-detection technology. Defendants deny that the subject saw was defective or unreasonably dangerous. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     To the extent the allegations contained in Paragraph 34 of the Complaint are directed at Defendants, Defendants lack sufficient knowledge or information to a form a belief as to the truth of those allegations and thus deny the same.

35.     The allegations contained in Paragraph 35 are not directed at Defendants. Responding nevertheless, Defendants admit that Dr. Steve Gass developed a prototype table saw that included flesh-detection technology and that he tested the technology under controlled conditions. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint; thus, those allegations are denied.

---

[1] Plaintiff's Complaint does not include a Paragraph 30.

36. The allegations contained in Paragraph 36 are not directed at Defendants; thus, no response is required. To the extent a response is required, Defendants admit that certain technology exists (sometimes referred to as "flesh-detection technology" or "Active Injury Mitigation technology") that could rapidly stop a saw blade, in some instances, upon contact with human flesh for some model saws. Defendants deny that flesh-detection technology always "result[s] [in] a small cut, not a severe laceration or amputation." Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. To the extent the allegations contained in Paragraph 37 of the Complaint are directed at Defendants, Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint; thus, those allegations are denied.

38. To the extent the allegations contained in Paragraph 38 of the Complaint are directed at Defendants, the allegations are denied.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that SawStop representatives presented a licensing agreement to one or more of the named defendants (or their affiliated companies) for use of the SawStop technology. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint; thus, those allegations are denied.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit that the subject saw does not incorporate flesh-detection technology. Defendants deny that the subject saw is defective or unreasonably dangerous. Except

as expressly admitted herein, Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny that the subject saw is defective or unreasonably dangerous and further deny that "safer alternative designs" for the subject saw "were readily available" at the time it left the manufacturer's control. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint; thus, those allegations are denied.

44.     Defendants admit that the subject saw does not incorporate flesh-detection technology. Defendants deny that the subject saw is defective or unreasonably dangerous. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint consists of a reference to a lawsuit filed by SawStop against various defendants—*SD3, LLC v. Black & Decker (U.S.) Inc.,* 801 F.3d 412, 418 (4th Cir. 2015)—and does not require a response by Defendants. To the extent a response is required, Defendants deny that any "decision not to incorporate flesh-detection technology was motivated by an industry-wide boycott of [SawStop's] products."

46.     Paragraph 46 of the Complaint consists of a reference to an allegation made by SawStop against various defendants in the lawsuit styled *SD3, LLC v. Black & Decker (U.S.) Inc.,* 801 F.3d 412, 418 (4th Cir. 2015) and does not require a response by Defendants. To the extent a response is required, Defendants deny that any decision not to incorporate flesh detection technology was motivated by a "boycott."

47.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint; thus, those allegations are denied.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants admit that SawStop technology can rapidly stop a saw blade, in some instances, upon contact with human flesh for some model saws. Defendants deny that, if available, such technology would have prevented or substantially mitigated Plaintiff's alleged injuries in this case.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit that one or more of the named defendants (or their affiliated companies) were aware of SawStop technology prior to the manufacture of the subject saw and further admit that the subject saw does not incorporate SawStop technology. Defendants deny that the subject saw is defective or unreasonably dangerous. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny that any "design feature" of the subject saw "create[d] uneven edges" around the subject saw's blade and thus deny the allegations contained in Paragraph 56 of the Complaint.

**DEFENDANTS FAILED TO PROVIDE ADEQUATE INSTRUCTIONS
OR WARNINGS TO PLAINTIFF AND OTHER CONSUMERS**

57.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in the first sentence of Paragraph 57 of the Complaint; thus, those allegations are denied. Defendants deny that they "failed to provide adequate instructions or warnings in their product manual or elsewhere . . . ."

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

**PLAINTIFF'S USE OF THE RIDGID TABLE SAW AND HIS RESULTING INJURIES**

60.     Defendants lack sufficient knowledge or information to a form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint; thus, those allegations are denied.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Complaint; thus, those allegations are denied.

65.      Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 65 of the Complaint; thus, those allegations are denied.

66. Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Complaint; thus, those allegations are denied.

67. Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint; thus, those allegations are denied.

## COUNT I:
## LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")
## DESIGN DEFECT UNDER LA. R.S. § 9:2800.56

68. Defendants adopt and incorporate by reference the preceding paragraphs, as if fully set forth herein.

69. Defendants admit that One World Technologies, Inc., designed, manufactured (in part), tested, and distributed the subject saw. Upon information and belief, Home Depot U.S.A., Inc., sold the subject saw at retail. Defendants deny that Techtronic Industries North America, Inc., Ridgid, Inc., or The Ridge Tool Company designed, manufactured, distributed, or sold the subject saw. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants further deny the allegations contained in the first sentence of Paragraph 72 of the Complaint. Defendants lack sufficient knowledge or information to a form a belief as to the truth

of the remaining allegations contained in Paragraph 72 of the Complaint; thus, those allegations are denied.

73. Defendants deny the allegations contained in Paragraph 73 (including sub-parts (a) – (c) of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint is directed to Home Depot U.S.A., Inc., and thus no response is required by Defendants. Defendants otherwise deny that the subject saw is defective or unreasonably dangerous.

## COUNT II:
## LOUSIANA PRODUCTS LIABILITY ACT
## INADEQUATE WARNING UNDER LA. R.S. § 9:28000:57

78. Defendants adopt and incorporate by reference the preceding paragraphs, as if fully set forth herein.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

## COUNT II:
## LOUSIANA PRODUCTS LIABILITY ACT
## BREACH OF EXPRESS WARRANTY UNDER LA. R.S. § 9:2800.58

83. Defendants adopt and incorporate by reference the preceding paragraphs, as if fully set forth herein.

84.     Defendants admit that One World Technologies, Inc., designed, manufactured (in part), tested, and distributed the subject saw. Upon information and belief, Home Depot U.S.A., Inc., sold the subject saw at retail. Defendants deny that Techtronic Industries North America, Inc., Ridgid, Inc., or The Ridge Tool Company designed, manufactured, distributed, or sold the subject saw. Defendants deny that the subject saw is defective or unreasonably dangerous and further deny that they breached any warranties, either express or implied. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny that the subject saw is defective or unreasonably dangerous and further deny that they breached any warranties, either express or implied. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint; thus, those allegations are denied.

86.     Defendants deny that the subject saw is defective or unreasonably dangerous and further deny that they breached any warranties, either express or implied. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Complaint; thus, those allegations are denied.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

## DAMAGES

89.     Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Complaint; thus, those allegations are denied.

90. Defendants deny that the subject saw is defective or unreasonably dangerous. Defendants lack sufficient knowledge or information to a form a belief as to the truth of the remaining allegations contained in Paragraph 90 of the Complaint; thus, those allegations are denied.

## JURY DEMAND

91. Defendants hereby demand a jury trial on all issues so triable.

In response to the unnumbered paragraph beginning with "WHEREFORE," immediately following Paragraph 91 of the Complaint, Defendants deny that Plaintiff is entitled to judgment against, or any relief from, Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state any claims upon which relief can be granted.

2. The Court lacks personal jurisdiction over Defendants.

3. Venue is or may be improper as to Defendants or may be more appropriate in another forum under the doctrine of *forum non conveniens.*

4. Plaintiff's claims are barred in whole or part by the applicable statutes of limitations or prescriptive periods.

5. Any alleged dangers associated with the product at issue are essential for its utility and inherent in its design. As such, any alleged dangers are open and obvious, and Plaintiff's claims are, therefore, barred.

6. Plaintiff, by the exercise of ordinary care and diligence, could have avoided the consequences of any alleged negligence attributable to Defendants.

7. Plaintiff was negligent and such negligence proximately contributed to any damages he may have sustained. While expressly denying it was negligent, Defendants state that

if any negligence on their part is found, the damages alleged to have been incurred by Plaintiff were or may have been due to Plaintiff's own contributory and/or comparative negligence, which negligence either bars or, alternatively, reduces recovery, if any, from Defendants in proportion to the relative amount of comparative fault attributable to Plaintiff. Such fault and/or negligence includes, but is not limited to, the following:

> (a) Failing to exercise reasonable vigilance;
>
> (b) Failing to maintain a proper lookout;
>
> (c) Failing to see what should have been seen;
>
> (d) Failing to act in a reasonable fashion given the circumstances then existing; and
>
> (e) Failing to use due care commensurate with the circumstances then existing.

8. Plaintiff's alleged injuries and damages were caused by an unforeseeable, intervening and/or superseding cause.

9. Plaintiff's claims are or may be barred due to Plaintiff's misuse and/or abuse, alteration or modification of the product and/or components complained of.

10. The damages alleged in Plaintiff's Complaint were the result of the misuse and/or abuse of the referenced product by Plaintiff, contrary to specific and obvious instructions and warnings regarding the product, of which Plaintiff was aware or should have been aware.

11. Plaintiff's use of the product was not proper, not in accordance with the prescribed or correct procedures and, accordingly, the product was misused and/or used for purposes other than those for which it was indicated or intended.

12.     Plaintiff made alterations and/or modifications to the subject saw that caused his injuries.

13.     After the product in question left the possession and control of One World Technologies, Inc., it may have been redesigned, modified, altered, or subjected to treatment that substantially changed its character, without One World's knowledge or approval.  Any alleged defect in the product may have resulted, if at all, from the redesign, modification, alteration, treatment, or other change of the product after One World relinquished possession and control over the product.  Such redesign, modification, alteration, treatment or other change was a superseding or intervening cause of Plaintiff's injuries.

14.     Any alleged injuries or damages were not caused by any act of Defendants, but were proximately caused, solely or in part, by the acts or omissions of other parties or entities over which Defendants exercised no control or right of control.

15.     In the event it is determined that the subject product was unreasonably dangerous, which is specifically denied, Defendants were unaware of such danger as it would apply in any conceivable use of the product by Plaintiff.  Additionally, the discovery of such danger was beyond the state of the art at the time the product was manufactured or sold.  Further, the product was manufactured and sold in conformity with the state of the art and/or prevailing industry standards at the time.

16.     Some or all of Plaintiff's claims are barred, in whole or in part, because the product, including its design, manufacture, warnings, and instructions, complied at all times with applicable government standards and regulations, industry custom, and available technological, scientific, and industrial state of the art.

17.     Some or all of Plaintiff's claims, insofar as they seek recovery based upon an allegedly defective and/or dangerous product, are preempted by federal law because the product and its components complied with any and all applicable federal laws and regulations in effect at the time of its manufacture.

18.     Plaintiff's claims against Defendants are or may be barred pursuant to the sophisticated user or learned intermediary doctrine. The product or components complained of were sold to a knowledgeable or sophisticated intermediary.  As a result, Defendants had no duty to warn of potential dangers or defects of the product or components complained of, which dangers and defects Defendants specifically denies.  Accordingly, Plaintiff is barred from recovery against Defendants.

19.      Defendants state that any alleged dangerous condition of the product in question was open, obvious and apparent, or Plaintiff had actual knowledge of same.

20.     Plaintiff's claims are barred and/or limited by virtue of his failure to give Defendants notice as required by applicable statutes, and/or the expiration of any purported warranties.

21.     Plaintiff's claims are barred and/or limited by virtue of express disclaimers, exclusions, limits, limitations and/or other terms contained in any written warranties issued in connection with the sale of the product.

22.     Plaintiff's claims are barred and/or limited because the warranty given with the product is expressly and conspicuously designated as a "limited warranty."

23.     Defendants deny the existence of any implied warranty, privity, or breach of any warranty.

24.     Some or all of the damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate said damages.

25.     Plaintiff's claims for damages, if any, may be limited pursuant to applicable limitation of damages provisions.

26.     At all further times relevant herein, Defendants specifically plead the requirement of any and all affirmative defenses available as provided by LSA-R.S. 9:2800.51 - 9:2800.59.

27.     Whatever damages were sustained by Plaintiff, if any, were proximately caused by the fault of persons or entities other than Defendants, including but not limited to one or more of the following non-exclusive respects, which should bar or diminish proportionately any recovery, if any, by Plaintiff: (a) misuse of the product, or use of the product for a purpose not intended by the manufacturer; (b) use, misuse or alteration of the product in a manner not reasonably anticipated by the manufacturer; (c) use of the product with knowledge of the alleged danger involved in such use (which danger is denied), with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to the alleged danger, and/or the voluntary and unreasonable exposure of others to the alleged danger; (d) unreasonably failing to appreciate the alleged danger involved in the use of the product or the consequences thereof, and the unreasonable exposure to the alleged danger, and/or the unreasonable exposure of others to the alleged danger; and (e) failing to undertake the precautions a reasonably careful user of the product would take to protect against alleged dangers reasonably appreciated under the same or similar circumstances.

28.     Because their investigation of the allegations contained in Plaintiff's Complaint is not complete at this time, Defendants hereby give notice that they may rely upon such other defenses (affirmative or otherwise) as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert any such defenses.  Moreover,

Defendants reserve the right to subsequently amend their Answer in order to clarify, if necessary, the applicability of any defenses or to withdraw certain defenses.

WHEREFORE, having fully answered and stated their affirmative defenses to Plaintiff's Complaint, Defendants Ridgid, Inc., and The Ridge Tool Company pray that a judgment be entered in their favor, together with costs incurred herein, and for such other and further relief that the Court deems proper.

Respectfully submitted,

BERNARD, CASSISA, ELLIOTT & DAVIS
A Professional Law Corporation

BY: _____/s/ Carl J. Giffin, Jr._____
CARL J. GIFFIN, JR., T.A. – Bar # 14289
3838 N. Causeway Blvd., Suite 3050
Metairie, Louisiana 70002
Phone: 504-834-2612; Fax: 504-838-9438
Email: giffinc@bcedlaw.com

LIGHTFOOT, FRANKLIN & WHITE,
A Limited Liability Company
Adam K. Peck (*pro hac vice* forthcoming)
*apeck@lightfootlaw.com*
J. Chandler Bailey (*pro hac vice* forthcoming)
*cbailey@lightfootlaw.com*
Christopher C. Yearout (*pro hac vice* forthcoming)
*cyearout@lightfootlaw.com*
400 20th Street North
Birmingham, Alabama 35203
Phone: 205-581-0700
Fax: 205-581-0799

LIGHTFOOT, FRANKLIN & WHITE,
A Limited Liability Company
Kaitlyn M. Faucett (*pro hac vice* forthcoming)
1885 Saint James Place, Suite 1150
Houston, Texas 77056
Phone: (713) 960-1488
Fax: (713) 960-8991
**ATTORNEYS FOR DEFENDANTS RIDGID,
INC., AND THE RIDGE TOOL COMPANY**

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of March 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Louisiana, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Joseph M. Bruno, Esq.
Daniel A. Meyer, Esq.
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana
Telephone: (504) 525-1335
Facsimile: (504) 562-6775
*bruno@brunobrunolaw.com*
*dmeyer@brunobrunolaw.com*

           /s/ Carl J. Giffin, Jr.

           CARL J. GIFFIN, JR., T.A. – Bar # 14289